Citi Structure, LLC v Capital One Bank, N.A. (2019 NY Slip Op 01522)





Citi Structure, LLC v Capital One Bank, N.A.


2019 NY Slip Op 01522


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


650953/15 8582 8581

[*1]Citi Structure, LLC, Plaintiff-Appellant,
v
Capital One Bank, N.A., Defendant, Wells Fargo Bank, N.A., Defendant-Respondent.


Law Offices of Marc H. Supcoff, New York (Marc H. Supcoff of counsel), for appellant.
Mandelbaum Salsburg P.C., New York (Michael F. Bevacqua, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered February 5, 2018, which denied plaintiff's motion for summary judgment and granted defendant Wells Fargo Bank's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs. Order, same court and Justice, entered on or about April 9, 2018, to the extent it denied plaintiff's motion to renew the motions for summary judgment, unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Defendant did not violate the New Jersey Uniform Commercial Code (NJ Stat Ann § 12A:3-110) by transferring funds from accounts on which checks were written payable to "York & Fortune Construction Group" to Fortune Construction Group only, without an endorsement by York International Corp., the second intended payee. The statute provides, in pertinent part, "If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively" (§ 12A:3-110[d]). The checks at issue failed to properly identify York and Fortune as two separate entities, and were therefore ambiguous as to whether they were payable to the payees alternatively. Defendant had no knowledge that the checks were intended to be jointly payable to Fortune, a subcontractor on a construction project, and York, the equipment supplier.
Plaintiff's renewal motion was not based on the requisite new facts not offered on the prior motion (CPLR 2221[e][2]), but on documentary evidence from a different action it filed against defendant before the instant summary judgment motions were made.
No appeal lies from the denial of leave to reargue (Matter of Black United Fund of N.Y., Inc., 167 AD3d 407 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK